UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FINGAL E. JOHNSON, *et al.*,　　　　　　　　　　　Case No. 2:00-CV-75

　　　　Plaintiff,　　　　　　　　　　　　　　　　　Hon. Richard Alan Enslen

　　v.

BILL MARTIN, *et al.*,

　　　　Defendants.
_____/

MICHAEL JENKINS, *et al.*,　　　　　　　　　　　Case No. 1:01-CV-515

　　　　Plaintiffs,

　　v.

BILL MARTIN, *et al.*,
　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**
　　　　Defendants.
_____/

　　　　This matter is before the Court on Plaintiffs Fingal E. Johnson, *et al.*'s Motion to Enforce Injunction and to Conduct Evidentiary Hearing. Defendants, employees of the Michigan Department of Corrections ("MDOC"), oppose the Motion. Plaintiffs argue that Defendants should be held in civil contempt for violating the Court's Injunction of December 7, 2005. The Court finds that the parties have adequately addressed this issue in their briefing and as such, an evidentiary hearing is unwarranted. *See Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003) (finding that an evidentiary hearing is not required when the record conclusively shows that a movant is not entitled to relief).

　　　　In order to hold a party in contempt, there must be a showing by clear and convincing evidence that the party has violated a definite and specific court order requiring the party to perform

a particular act or to refrain from performing a particular act. *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996); *see also Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504–06 (8th Cir. 2000). Willfulness is not an element of civil contempt and need not be shown. *Rolex*, 74 F.3d at 720.

Once a *prima facie* violation is shown, the burden shifts to the respondent to either rebut the showing or to establish a defense such as inability to comply. *Id.*; *Chicago Truck Drivers*, 207 F.3d at 505–06. To prove inability to comply, "a defendant must show 'categorically and in detail' why he or she is unable to comply with the court's order." *Rolex*, 74 F.3d at 720 (quoting *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)). This burden cannot be met by evidence that a respondent has made itself incapable of compliance since a "self-induced" impossibility is not a valid defense. *Chicago Truck Drivers*, 207 F.3d at 505–06; *Central States Pension Fund v. Wintz Properties*, 155 F.3d 868, 875 (7th Cir. 1998).

On December 7, 2005 the Court "enjoined [Defendants] from totally banning Melanic Literature from MDOC institutions." (Dkt. No. 378, Order, Inj., & Part. J. 1.) The Court held that "MDOC officials can screen Melanic Literature to assure prohibited materials are prevented entry into MDOC institutions." (Dkt. No. 377, Op. 14.)[1] Upon both parties' Motions for Reconsideration, the Court issued clarifying language regarding the Injunction against Defendants:

> [T]he Court's Ruling sets a minimum level of conduct that Defendants are required to observe. At the very least, Defendants cannot totally ban Melanic Literature from Michigan Department of Corrections ("MDOC") institutions. As for what specific Melanic Literature is permitted under the injunction, the Court cannot—given the mandate of 18 U.S.C. § 3626—answer that question. To do so would necessarily

---

[1] The Court went on to note that "[w]hile this is just one example, it demonstrates that a total ban on Melanic Literature is not the least restrictive means available to assure prison security, and consequently, Defendants have not met their burden under 42 U.S.C. § 2000cc-1." (Dkt. No. 377, Op. 14.)

      entangle the Court in the business of prison administration more than Congress allows. So long as Defendants are making a good faith determination when they screen Melanic Literature to assure only prohibited materials are prevented entry into MDOC institutions, they are obedient to the Court's Ruling.

(Dkt. No. 391, Op. 3.) Therefore, the issue presented to the Court is whether the Injunction constitutes "a definite and specific court order" requiring Defendants "to perform a particular act or to refrain from performing a particular act." *Rolex*, 74 F.3d at 720.

Plaintiffs cannot establish by clear and convincing evidence that the Court's Injunction was "definite and specific." Although the Court ruled that Defendants cannot institute a total ban on Melanic Literature, the Court specifically reserved the question as to what types of literature are permitted. Moreover, there is nothing "definite and specific" about a "good faith" standard. Given the broad nature of Defendants' good faith duty to only screen prohibited materials, the Court does not foreclose future relief from being granted to Plaintiffs, such as a motion to modify the language of the Injunction.[2]

Because there is not a definite and specific court order requiring Defendants to perform a particular act or refrain from performing a particular act, the Court need proceed no further in its contempt analysis. Defendants are not in contempt of a definite and specific court order.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs Fingal E. Johnson, *et al.*'s Motion to Enforce Injunction and to Conduct Evidentiary Hearing (Dkt. No. 413) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>   October 5, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

    [2]Plaintiffs assert that a less restrictive alterative would be to have non-inmate Melanic followers redact the Mel-Nat symbol as well as references to Zatak from the Melanic literature before it is mailed to inmates. (Reply 6.) This is an example of a less restrictive alternative the Court would consider in a motion to modify the Injunction. Such an alternative might also clarify the scope of the Injunction to allow better compliance and enforcement.