UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| FINGAL E. JOHNSON, *et al.*, | Case No. 2:00-CV-75 |
| Plaintiffs, | Hon. Richard Alan Enslen |
| v. | |
| BILL MARTIN, *et al.*, | |
| Defendants. | |
| _____ / | |
| MICHAEL JENKINS, *et al.*, | Case No. 1:01-CV-515 |
| Plaintiffs, | Hon. Richard Alan Enslen |
| v. | |
| BILL MARTIN, *et al.*, | **ORDER** |
| Defendants. | |
| _____ / | |

This matter is before the Court on Plaintiffs Fingal E. Johnson, *et al.*'s Motion to Modify Language of Injunction. Defendants Bill Martin, *et al.* have responded in opposition. The Court is very familiar with this case, as can be seen from the previous 427 docket entries. Based on this and the parties' briefing, oral argument is unnecessary. W.D. Mich. LCivR 7.2(d).

In the Court's Opinion of December 7, 2005, the Court enjoined Defendants from totally banning Melanic Literature from Michigan Department of Corrections ("MDOC") institutions. *See Johnson v. Martin*, Nos. 2:00-CV-75 & 1:01-CV-515, 2005 WL 3312566, at *6–8 (W.D. Mich. Dec. 7, 2005). The Court thereafter denied Plaintiffs' motion for reconsideration and stated that "[s]o long as Defendants are making a good faith determination when they screen Melanic Literature to assure only prohibited materials are prevented entry into MDOC institutions, they are obedient to

the Court's Ruling." (Dkt. No. 391 at 3.) Plaintiffs now request the Court to abandon the "good faith" standard of the Injunction and specify what is required of Defendants when screening Melanic materials. Plaintiffs suggest that redacting, *inter alia*, references to "Zakat," "Paladin," and "Nat Turner," as well as all Mel-Nat symbols, should cure any security threats posed in Melanic Literature.

Upon review, the Court remains persuaded that the "good faith" standard is consistent with Supreme Court precedent and Congress' mandate in 18 U.S.C. § 3626. *Johnson*, 2005 WL 3312566, at *6–8 (citing authority); *see also Jones v. North Carolina Prisoners' Union, Inc.*, 433 U.S. 119, 132–33 (1977). Even though Defendants have prevented certain materials from being sent to prisoners, the Court finds that Defendants have acted in the interests of prison security and prison efficiency in accordance with RLUIPA. *See Turner v. Safley*, 482 U.S. 78, 84–91 (1987); *Bell v. Wolfish*, 441 U.S. 520, 550 (1979); *Procunier v. Martinez*, 416 U.S. 396, 404–07 (1974). The security threats posed in Melanic Literature cannot be cured by simply redacting buzzwords and Mel-Nat symbols.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs Fingal E. Johnson, *et al.*'s Motion to Modify Language of Injunction (Dkt. No. 425) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
January 7, 2008  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE